UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELANO LAVERT HOWARD, : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL NO. 1:11-CV-1021 |
| : | |
| : | |
| AT&T d/b/a AT&T Mobility, : | |
|     Defendant : | |

*M E M O R A N D U M*

*I.     Introduction*

We are considering a motion to dismiss or, in the alternative, a motion for summary judgment filed by defendant, AT&T.  (Doc. 5.)  This matter relates to the transfer and  disciplinary action of plaintiff, Delano Lavert Howard.  Defendant asserts that plaintiff's claim is untimely and moves to dismiss or, in the alternative, seeks summary judgment.

*II.     Background*

In a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we must take all factual allegations in the complaint as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  The plaintiff sets out the following facts in its complaint.  Plaintiff worked for AT&T as a Customer Care Manager.  (Doc. 1, ¶¶ 6-7.)  He was transferred from Florida to an AT&T office in Harrisburg, PA in May 2003.  (Doc. 1, ¶ 8.)  Upon the transfer, plaintiff alleges his pay decreased in the amount of $7,000.00 and his years of seniority

were reduced.  (Doc. 1, ¶ 10.)  Around May 2006, plaintiff discovered that other employees transferred to Pennsylvania did not have their salaries or years of seniority reduced.  (Doc. 1, ¶ 21.)  On or about February 11, 2006, Plaintiff went to work although he was not feeling well.  (Doc. 1, ¶ 11.)  On that day, a manager told plaintiff to contact the Director of the Call Center, which Plaintiff did not do.  (Doc. 1, ¶ 12.)  The manager asked Plaintiff again to call the Director, which Plaintiff failed to do for approximately three hours.  (Doc. 1, ¶¶ 13-14.)  Plaintiff was placed on administrative leave on February 13, 2006 and a written warning was placed in his file.  (Doc. 1, ¶¶ 15, 20.)  Defendant refused to remove the written warning from Plaintiff's file even after Plaintiff provided a doctor's note explaining his illness on the date in question.  (Doc. 1, ¶ 20.)

Plaintiff brought an employment discrimination claim before the Pennsylvania Human Relations Commission ("PHRC") and the U.S. Equal Employment Opportunity Commission ("EEOC").  (Doc. 1, ¶ 22.)  On September 8, 2010, the PHRC closed Plaintiff's case.  (Doc. 1, ¶ 23.) The EEOC mailed a "Notice of Suit Rights" to plaintiff on February 14, 2011, but plaintiff asserts he did not receive the letter until February 26, 2011.  (Doc. 1, ¶ 24.)  He filed the present complaint on May 27, 2011.  (Doc. 1.)

Defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment.  (Doc. 5.)  Defendant argues that Plaintiff's claim must be dismissed as untimely, because the complaint was filed more than ninety days after the EEOC issued the right-to-sue letter.  (Doc. 5.)

The preceding facts will be used to determine the motion to dismiss.  In deciding the motion for summary judgment, we will consider all admissible evidence, including the affidavits provided by Plaintiff pursuant to Federal Rule of Civil Procedure 56(c)(4).  Plaintiff asserts he did not receive the right-to-sue letter until February 26, 2011.  (Doc. 10, at 13.)  He alleges that he and other neighbors have experienced issues with timely mail delivery.  *Id.*  In support of this allegation, Plaintiff provides an affidavit from a neighbor discussing the issue.  (Doc. 10, at 15.)

III.            *Discussion*

       *A.  Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).   While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. 1955 at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.)  "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." *Fowler*, *supra*, 578 F.3d at 210.   First, we separate the factual elements from the legal elements and disregard the legal conclusions.  *Id.* at 210-11.   Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at  211 (quoted case omitted).

We will examine the motion for summary judgment under the well-established standard.  *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008).  We "must view all evidence and draw all inferences in the light most favorable to the non-moving party, and may affirm a grant of summary judgment only if no reasonable juror could find for the non-movant."  *Id.*

*B.  Statute of Limitations*

42 U.S.C. § 2000e-5(f)(1) provides that if a complaint is dismissed by the EEOC, "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."  The Third Circuit held "the time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he receives a right-to-sue letter from the agency."

4

*Seitzinger v. Reading Hosp. And Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). The date on which the letter is received is important, because the letter informs the claimant the he or she has ninety days in which to file suit. *Id.* If the date on which the letter is received is known, that date controls. *Id.*

"However, in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it." *Id.* (citing Fed. R. Civ. P. 6(e)). Federal Rule of Civil Procedure 6(d), previously 6(e), provides that "When a party may or must act within a specified time after service and service is made . . . 3 days are added after the period would otherwise expire under Rule 6(a)." If the parties dispute the date on which the plaintiff received notice, this rule would "create a presumption that the notice was received three days after it was mailed." *Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251 (3d Cir. 1986) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n. 1 (1984)).

The ninety-day requirement has been construed as a statute of limitations. *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 176 (3d Cir. 1999). The defendant has the burden of proving that the plaintiff did not meet the requirement. *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2009).

In the present case, the right-to-sue letter indicates that it was issued and mailed on February 14, 2011. (Doc. 1, exhibit D). Plaintiff contends that he did not receive this letter until February 26, 2011 due to issues with mail delivery. (Doc. 10, at 3.) To support his assertion, plaintiff provides an affidavit from neighbors who have also

5

had difficulty receiving their mail. (Doc. 10, at 15.) Defendant does not provide any evidence other than the right-to-sue letter, which indicates that it was mailed on February 14, 2011. (Doc. 1, exhibit D.)

IV.     *Conclusion*

Defendant has not met its burden to prove that Plaintiff received the letter earlier than February 26, 2011. To meet the ninety-day filing requirement set out in 42 U.S.C. § 2000e-5(f)(1) , Plaintiff had to file a claim by May 27, 2011. Plaintiff's complaint was filed on that day, making it timely. Defendant's motions to dismiss or, in the alternative, for summary judgment, will be denied. We will issue an appropriate order

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELANO LAVERT HOWARD,<br>    Plaintiff | :<br>:<br>: |
| v. | : CIVIL NO. 1:11-CV-1021<br>:<br>: |
| AT&T d/b/a AT&T Mobility,<br>    Defendant | :<br>: |

## *O R D E R*

AND NOW, this 27th day of October, 2011, upon consideration of Defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. 5), the briefs filed in support of and opposition thereto, and pursuant to the accompanying Memorandum, it is ORDERED that said motion is DENIED.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge