UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELANO LAVERT HOWARD,<br>　　　Plaintiff | :<br>:<br>: |
| vs. | : CIVIL NO. 1:11-CV-1021<br>:<br>: |
| AT&T d/b/a/ AT&T Mobility,<br>　　　Defendant | :<br>:<br>: |

*M E M O R A N D U M*

*I.　　Introduction*

We are considering a motion for summary judgment filed by Defendant, AT&T. This matter relates to the transfer and disciplinary action of Plaintiff, Delano Lavert Howard. On May 27, 2011, Plaintiff filed the instant action alleging Defendant discriminated against him on the basis of race and sex. Defendant argues that Plaintiff has failed to state a *prima facie* case of discrimination. We will examine the motion under the well-established standard. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and grant summary judgment "only if no reasonable juror could find for the non-movant." Id.

II.        Background[1]

In 1996, Plaintiff began working for a predecessor in interest of AT&T Mobility as a Customer Care Representative at a call center in West Palm Beach, Florida. Six month later, Plaintiff was transferred to a call center in Orlando, Florida. In 2000, he transferred to a position in the IT department. In 2002, he returned to the customer service department. In 2003, Plaintiff applied to a customer service position in the Harrisburg, Pennsylvania call center. Following a phone interview, Plaintiff was offered the position but told his salary would have to be reduced. Plaintiff accepted and transferred to the Harrisburg office in May 2003. Prior to the transfer, Plaintiff's salary was approximately $53,000 and his seniority was dated from 1999. Following the transfer, Plaintiff's salary was reduced by $7,000 and his seniority date was 2002, the year when he returned from IT to customer service.

Salary determinations were made by Randy Shackelford, Director of the Harrisburg call center, by comparing the salary of the incoming customer service

---

[1] Defendant argues that Plaintiff's Statement of Undisputed Facts (docs. 28, 31), should be stricken, because it fails to conform with Local Rule 56.1. This rule requires a party moving for summary judgment to submit a separate, short and concise statement of the undisputed material facts in numbered paragraphs. The party opposing the motion must submit a statement of facts responding to the numbered paragraphs. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." L.R. 56.1.

While we agree that Plaintiff's Statement of Undisputed Facts does not meet the requirements of the rule, we find that it makes clear the areas of the record that are in dispute, and thus we will consider it. The portions of Defendant's Statement of Undisputed Facts that Plaintiff failed to address, however, will be deemed admitted pursuant to Rule 56.1.

managers with other employees in the same position with similar experience and service.[2] The Harrisburg branch at that time had a policy of calculating seniority on the basis of continuous service in the subject position. Shackelford determined that Plaintiff's continuous service with the customer service department began in 2002, when he transferred from the IT department. After determining Plaintiff's seniority date, Shackelford compared Plaintiff's salary to four Customer Care Managers with similar years of service and managerial experience. The salaries of the four managers ranged from $41,202.20 to $42,312.66.[3] Plaintiff's salary in Orlando was more than $10,000 above the salaries of managers with similar qualifications in Harrisburg. Shackelford made the decision to offer Plaintiff a position with a reduced salary of approximately $46,000. At the time he made this offer, Shackelford was not aware of Plaintiff's race.[4]

---

[2] Plaintiff asserts that "Under AT&T guidelines, an employee does not get his or her salary cut unless he or she is demoted." (Doc. 28, ¶ 16). In support of this assertion, Plaintiff cites to his own deposition testimony, which reveals that the human resources department makes decisions about salaries, and an unidentified document stated that salaries were not decreased unless an employee was demoted. (Doc. 26-1, at 17). Defendant submits affidavits from Shackelford and Kyle Mundis, the Human Resources manager at the Harrisburg call center, that explain Defendant did not have a formal salary administration policy that covered that covered transfers between call centers in May 2003.

[3] Plaintiff argues that his seniority date should include the time he spent in customer service prior to his transfer to the IT department. However, even if his seniority date included this time, his pre-transfer salary would be higher than those with similar experience. At the time of the transfer, five managers with similar experience had salaries ranging from $42,478.30 to $46,802.29.

[4] The Harrisburg and Orlando call centers had different management, and Plaintiff was interviewed by telephone. Plaintiff's deposition testimony reveals that he merely assumed that Shackelford knew his race. He fails to submit any admissible

On February 11, 2006, Plaintiff was not feeling well when he arrived at work. Plaintiff and his supervisor, Jody Dugan, had a conference call with Shackelford. Fifteen to twenty minutes following the call, Dugan directed Plaintiff to call Shackelford. Plaintiff did not make the call immediately, because he was assisting a customer service team with an issue and did not perceive the call to be urgent. Dugan again directed Plaintiff to call Shackelford. Plaintiff waited until the end of the day to call Shackelford, who asked him to report to the office of the Human Resources Manager the following week. On Monday, February 14, 2006, Plaintiff reported to the office as requested and was informed by Shackelford that he was being suspended. During the suspension, Plaintiff was paid and his benefits were not affected. Upon returning to work on Monday, February 20, 2006, Plaintiff was issued a written warning for his failure to follow instructions, questionable conduct, and lack of availability. As a result of this warning, Plaintiff asserts that he was not able to transfer to another office or apply for any positions within the company for a year.

After receiving the written warning, Plaintiff made a complaint to Defendant's ethics hotline. Kyle Mundis, the Human Resources Manager at the Harrisburg call center, and James Klimas, Director of Human resources, handled Plaintiff's complaint, which focused on his salary reduction and the written warning. After conducting an investigation, Klimas determined that there was no reason to believe Plaintiff's salary was based on any criteria other than his qualifications. Klimas found,

---

evidence in support of this assumption.

however, that the questionable conduct and lack of availability discussed in the written warning should not have been the subject of discipline. As a result of the investigation, Defendant amended the written warning to list only Plaintiff's failure to follow instructions.

In support of his discrimination claim, Plaintiff identifies three employees that transferred into the Harrisburg call center without having their salaries reduced or seniority impacted. Shackelford, however, asserts that he subjected each of these individuals to the same transfer salary evaluation as Plaintiff.[5]

Plaintiff brought an employment discrimination claim before the Pennsylvania Human Relations Commission ("PHRC") and the U.S. Equal Employment Opportunity Commission ("EEOC"). On September 8, 2010, the PHRC closed Plaintiff's case. The EEOC mailed a "Notice of Suit Rights" to plaintiff on February 14, 2011. He filed the present action on May 27, 2011, alleging race and gender discrimination.

---

[5] These three individuals include Al Smith, Frank Amedeo, and Hope Amedeo. Al Smith transferred to the Harrisburg call center from a Wireless Technician position. His salary, $35,572, was found to be at the same level as other Customer Care Managers with similar experience and was not reduced. Frank Amedeo transferred to the Harrisburg branch in 2006. His pre-transfer salary, $31,613, was not reduced because it was found to be comparable to those with the same experience. Hope Amedeo also transferred in 2006. Her pre-transfer salary of $32,370 was found to be comparable of those with similar experience and was not reduced.

*III.        Discussion*

   *A. Race Discrimination*

Defendant argues that summary judgment should be granted on Counts I, III, IV, and VI of Plaintiff's complaint, because he failed to establish a *prima facie* case of discrimination. To establish a *prima facie* case under Title VII, Plaintiff must establish (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances that could give rise to the inference of discrimination.[6] Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). Once the plaintiff has established the *prima facie* case, the defendant must present a legitimate, non-discriminatory reason for the adverse employment action. McDonnell Douglas, 411 U.S. at 802-3. If a legitimate reason is given by the employer, then the burden shifts back to the plaintiff to demonstrate that the employer's reason is pretextual. Id.

Defendant also argues that Plaintiff's claims fail because he has not shown pretext. To show pretext, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory

---

[6] Plaintiff's claims under 42 U.S.C. § 1981 and the Pennsylvania Human Relations Act ("PHRA") are governed by the same standards as those required by Title VII. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).

6

reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). To meet the first prong, the "nonmoving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence." Jones, 198 F.3d at 413. To meet the second prong, a plaintiff may provide evidence that shows the employer previously discriminated against the plaintiff or other persons within the plaintiff's protected class, or the employer treated others, similarly situated, outside of the protected class more favorably. Id.

*1. Suspension and Written Warning*

Counts I and IV allege that Defendant suspended Plaintiff and gave him a written warning as a result of racial discrimination. Defendant assumes that Plaintiff has met the first two requirements of the *prima facie* case, but contends that Plaintiff has failed to demonstrate that he suffered an adverse employment action or that any such action occurred under circumstances that could give rise to an inference of discrimination.

Plaintiff argues that the suspension and written warning are adverse employment actions, because they prevented him from transferring out of the Harrisburg call center or applying for other jobs within the company for a year. Defendant responds that Plaintiff did not apply for any position while his warning was in effect or inquire about whether an exception could be made to the policy. The Third Circuit has described an

"adverse employment action" as "an action by an employer that is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" Storey v. Burns Int'l Sec. Services, 390 F.3d 760, 764 (3d Cir. 2004) (citations omitted). Under some circumstances, courts have considered paid suspensions not to be adverse employment actions. See Lewis v. Bell Atlantic/Verizon, 321 Fed. App'x 217, 221 (3d Cir. 2009) (nonprecedential) (finding that a paid suspension that has been expunged from an employee's record is not an adverse employment action); Solomon v. Phila. Newspapers, Inc., No. 05-05326, 2008 U.S. Dist. LEXIS 41978, *49-50 (E.D. Pa. 2008).

We decline to decide whether being prevented from transferring to other positions is an adverse employment action, because we find that Plaintiff has failed to demonstrate an inference of discrimination. "The central focus of the *prima facie* case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." Sarullo v. United States Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003) (citations omitted). Plaintiff was suspended and received a written warning because he failed to follow his supervisor's instruction to call Shackelford. Plaintiff argues that he did not make the call because he did not perceive it to be urgent and he was busy performing other duties. He contends that the circumstance did not warrant a suspension or warning. Even in the light most favorable to Plaintiff, this evidence does not demonstrate an inference of discrimination. Plaintiff fails to identify comparators or any other evidence that would indicate Defendant's

actions were a result of racial discrimination. Plaintiff argues that whether there was an inference of discrimination is a genuine issue of material fact precluding summary judgment. However, whether a plaintiff has established a *prima facie* case of employment discrimination is a question of law. Id. at 797.

We also agree with Defendant that Plaintiff has failed to show pretext. Defendant's legitimate, non-discriminatory reason for the written warning and paid suspension was Plaintiff's failure to follow directions. Plaintiff has not provided evidence that casts doubt upon this explanation other than to argue that this discipline was unwarranted. Without more, Plaintiff has failed to show that the given reason was pretexual. See Fuentes, 32 F.3d at 764 (requiring a plaintiff to point to evidence "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action"). For these reasons, Plaintiff's claims must fail.

*2. Salary Reduction*

Counts III and VI allege that Defendant's decision to offer Plaintiff a position with a reduced salary was the result of racial discrimination. Defendant assumes that Plaintiff can establish the first three elements of his *prima facie* case, but argues that Plaintiff fails to show that the salary reduction occurred under circumstances giving rise to an inference of discrimination. Prior to his transfer, Plaintiff's $53,000 salary was significantly higher than any other Customer Care Manager in Harrisburg, and

Shackelford made the decision to offer Plaintiff a position with a reduced salary. Even after the reduction, Plaintiff was one of the highest paid Customer Care Managers at the call center. Plaintiff contends that he has shown an inference of discrimination because he was the only African American employee whose salary was reduced when transferring. He names three employees who did not experience salary reductions upon transferring to the Harrisburg call center. Plaintiff has not demonstrated, however, that these employees are similarly situated. See Simpson v. Kay Jewelers, 142 F.3d 639, 646 (finding that when considering comparators "the focus is on the particular criteria or qualifications identified by the employer as the reason for the adverse action"). Defendant's reason for the salary reduction was that Plaintiff was being paid significantly more than Customer Care Managers with similar experience. Defendant asserts that the three individuals named by Plaintiff did not experience salary reductions because their salaries were comparable to those with similar experience. In addition to his failure to identify similarly situated employees, Plaintiff is not able to demonstrate an inference of discrimination, because when Shackelford made the decision to offer Plaintiff a position with a reduced salary, he was not aware of Plaintiff's race.[7] We find that there are no

---

[7] In his brief, Plaintiff argues that it can be inferred from the facts that Shackelford knew he was African American and therefore did not want him working at the Harrisburg call center. Defendant's Statement of Undisputed Facts states that Shackelford was not aware that Plaintiff was African American. See doc. 26, ¶ 21. Plaintiff's Statement of Undisputed Facts does not address this fact. Pursuant to Local Rule 56.1, this fact is deemed admitted. See supra note 1.

issues of material fact, Plaintiff has not established a *prima facie* case of employment discrimination, and summary judgment is appropriate on these counts.

### B. Sex Discrimination

Counts II and V of Plaintiff's complaint allege that the salary reduction, written warning, and suspension were the result of sex discrimination in violation of Title VII and the PHRA. A sex discrimination claim follows the same burden shifting framework as a race discrimination claim. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). To establish a *prima facie* case under Title VII, Plaintiff must establish (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances that could give rise to the inference of discrimination. <u>Makky v. Chertoff</u>, 541 F.3d 205, 214 (3d Cir. 2008) (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). The Third Circuit has instructed that

> a plaintiff who brings a "reverse discrimination" suit under Title VII should be able to establish a prima facie case in the absence of direct evidence of discrimination by presenting sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated plaintiff "less favorably than others because of [his] race, color, religion, sex, or national origin."

<u>Iadimarco v. Runyon</u>, 190 F.3d 151, 163, (3d Cir. 1999). Plaintiff has not provided evidence that male employees were treated less favorably than female employees.

11

### 1. *Written Warning and Suspension*

Plaintiff contends that he received a written warning when not feeling well at work for "lack of availability to perform job duties" and "behavior of a questionable manner," and when a female co-worker was not feeling well, everyone was "running around making sure that she was okay." (doc. 29, at 12).  To the extent Plaintiff attempts to identify this female co-worker as a similarly situated employee who was not disciplined for similar behavior, we do not find her to be an appropriate comparator.  Relevant factors to determine whether employees are similarly situated include "that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them."  McCullers v. Napolitano, 427 Fed. Appx 190, 195 (3d Cir. 2011) (citing Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000).

Plaintiff arrived at work not feeling well, completed his shift, and later received a written warning for failing to follow directions, lack of availability to perform job duties, and behavior of a questionable manner.  The warning was later amended to include only Plaintiff's failure to follow directions.  The female co-worker identified by Plaintiff was found to be unresponsive and was treated by emergency responders at the time of her illness.  This is not similar conduct that makes the female employee a proper comparator.  Without any evidence that Defendant treated Plaintiff less favorably because of his sex, Plaintiff's claims must fail.

Plaintiff makes the conclusory statement that there are genuine issues of material facts precluding summary judgment on this claim. However, he does not identify any factual disputes, and we do not find any in the record. We find that summary judgment is appropriate under these circumstances.

### 2. Salary Reduction

Plaintiff asserts that his salary was reduced as a result of sex discrimination. Assuming Plaintiff has met the first three requirements of the *prima facie* case, he fails to establish that the reduction occurred under circumstances that give rise to an inference of discrimination.[8] We find that Plaintiff has not provided any evidence to demonstrate he was treated less favorably than female employees, and he has failed to establish a *prima facie* case of discrimination.

### IV. Conclusion

For the reasons set forth above, Defendant's motion for summary judgment will be granted.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

[8] The three employees who did not experience salary reductions upon transferring to the Harrisburg call center are not appropriate comparators for the reasons explained in our disposition of the race discrimination claims relating to the salary reduction.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELANO LAVERT HOWARD,<br>Plaintiff | : <br> : <br> : |
| vs. | : CIVIL NO. 1:11-CV-1021 <br> : |
| AT&T d/b/a/ AT&T Mobility,<br>Defendant | : <br> : <br> : |

*O R D E R*

AND NOW, this 26th day of November, 2012, upon consideration of Defendant's motion for summary judgment (doc. 25), the briefs filed in support of and opposition thereto, and pursuant to the accompanying Memorandum, it is Ordered that:

1. Defendant's motion is GRANTED.

2. The Clerk of Court shall enter judgment in favor of Defendant and against the Plaintiff, and shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

14